**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CYNTHIA FLEMINGS** | § § § | IN THE DISTRICT COURT |
| **Plaintiff** | § § § § | |
| v. | § § | CIVIL ACTION NO. 5:20-CV-0026 |
| **MACY'S, INC., AND MACY'S RETAIL HOLDING, INC., AND CLINIQUE SERVICES, L.L.C.** | § § § § § | |
| **Defendants** | § § | BEXAR COUNTY, TEXAS |

**PLAINTIFF'S AMENDED COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

   **NOW COMES** CYNTHIA FLEMINGS, hereinafter "Plaintiff," complaining of and about MACY'S, INC., AND MACY'S RETAIL HOLDINGS, INC., ("MACY'S"), AND CLINIQUE SERVICES, LLC, ("CLINIQUE"), all collectively hereinafter referred to as "Defendants," and for cause of action would show unto the Court the following:

### I. Discovery

   Plaintiff affirmatively pleads that discovery should be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.

### II. Parties & Service of Process

   Plaintiff, CYNTHIA FLEMINGS, is a 53 year old female and is a resident of 2318 Boxer Palm, San Antonio, Texas, 78213and is an individual.

Defendant, MACY'S, INC., is a foreign corporation doing business in the State of Texas registered according to the laws of the State of Delaware with the Delaware Secretary of State, which may be served with process by serving its registered agent for service of process at:

>   Registered Agent: Corporate Creations Network, Inc.
>   3411 Silverside Road Tatnall Building, Suite 104, Wilmington, Delaware, 19810.

Defendant, MACY'S RETAIL HOLDING, INC., is a foreign corporation doing business in the State of Texas. It is registered according to the laws of New York and is registered with the Texas Secretary of State, which may be served with process by serving its registered agent for service of process at:

>   Registered Agent: Corporate Creations Network, Inc.
>   5444 Westheimer #1000, Houston, Tx, 77056.

Defendant, CLINIQUE SERVICES, LLC, is a foreign corporation doing business in the State of Texas. A misnomer occurred in the prior filing and CLINIQUE LABORATORIES LLC was named but the proper party was served and has been participating in the case. CLINIQUE SERVICES LLC'S registered according to the laws of New York and may be served with process by serving its registered agent for service of process at:

>   Registered Agent: Corporation Service Company
>   80 State street, Albany, New York, 12207.

However, Defendant through counsel has agreed to waive any additional citation and service and has answered on behalf of this Defendant.

### III. Venue and Jurisdiction

Venue is proper in Bexar County pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to this cause

of action occurred in Bexar County, Texas.

This Court has personal jurisdiction pursuant to Texas Civil Practice and Remedies Code §17.042 because Defendants engaged in the act of doing business in this state.

Pursuant to Chapter 47 of the Texas Rule of Civil Procedure this suit seeks relief over $1,000,000

### IV. Conditions Precedent

Plaintiff asserts that all conditions precedent to the bringing of this cause of action have been performed or have occurred prior to the filing of the case at bar.

### V. Statement of Facts

Plaintiff was an invitee to an express or an implied invitation to the premises known as Macy's at La Cantera Mall which is located at 15900 La Cantera Parkway, in San Antonio, Bexar County, Texas, 78256, on or about December 27, 2017. Plaintiff entered on said property of Defendants at the invitation of Defendants. During the time that Plaintiff was upon the Defendants' property, Plaintiff sustained serious and permanent injuries as a result of a dangerous condition that proximately caused Plaintiff to slip and fall.

Plaintiff was walking through the store, carefully watching her grandchildren. As she was working her way around the store, Plaintiff unexpectedly stepped on a fallen display sign at the Clinique counter which was left negligently on the floor.

Plaintiff's impact from her fall caused her to suffer immediate pain and injuries to her knees and hands. She could not stand without assistance and laid on the floor in pain for some time. Eventually she was assisted off the floor and was taken to Methodist Hospital Emergency

Room by San Antonio EMS. From the impact, Plaintiff suffered severe injuries to: (1) both wrists; (2) both elbows; (3) several digits in her hands; (4) her knees; (5) her feet; and (6) her spine.

The accident and the injuries resulting there from, were not caused by nor contributed to by the Plaintiff, nor did the same through occur due to any fault or negligence on the part of the Plaintiff, but were solely caused by the acts, wrongs, and/or omissions of the Defendant.

Due to these injuries, Plaintiff has already undergone numerous surgeries to her fingers, wrists and knees to decrease the nerve pain she incessantly suffers from. Her pain is only temporarily reduced by periodic and expensive injections into the pain sites. Additionally, Plaintiff will require a very serious and risky spinal surgery in the near future.

Plaintiff now requires injections for the pain several times a year and physical therapy due to the surgeries that resulted from the impact of her fall. In the future, Plaintiff will require injections for as long as her nerve pain lasts and Plaintiff will require physical therapy from her spinal surgery.

## VI.  Causes of Action/Negligence

On or about December 27, 2017, Defendants breached the duty of care imposed on the Defendants and owed to Plaintiff. Defendants' acts and/or omissions described in the preceding paragraphs give rise to a premises liability cause of action in that:

1. Plaintiff was an invitee.

2. Defendants were the possessors of the premises because Macy's was the owner of the business open to the public and Clinique had control over the area.

3. A condition on the premises (the fallen display) posed an unreasonable risk of harm

4. Defendants knew or reasonably should have known of the danger because Defendants were the possessors of the premises where the fallen display was located.

5. Defendants breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and/or failing to make the premises reasonably safe.

6. Defendants' breach of said duty proximately caused Plaintiff's injuries.

## VII.  Injuries

Plaintiff suffered the following injuries because of the acts and/or omissions of the Defendants. The injury constituted serious, disabling and future injuries, which will be the permanent result of the Defendants' acts and/or omissions. The severe finger, wrist, leg, and back injuries continue to cause her severe pain and discomfort which frequently disable Plaintiff for periods at a time.

The injuries have had a serious effect on Plaintiff's health and well-being. Plaintiff suffers from limitation of motion and continuing pain. Some of these ill effects are permanent and will abide with plaintiff for a long time into the future, if not for her entire life. The specific injuries and their ill effects have, in turn, caused plaintiff's physical and mental condition to deteriorate generally. The specific injuries and ill effects have caused and will, in all reasonable probability, continue to cause plaintiff to suffer the consequences and ill effects of this deterioration throughout her body for a long time into the future, if not for the balance of her natural life.

As a further result of the nature and the consequences of her injuries, Plaintiff has suffered great physical pain and mental anguish, and in all reasonable probability will continue to suffer in this manner for a long time into the future, if not for the balance of her natural life.

## VII.  Actual Damages

The acts and/or omissions of Defendants were the direct and proximate cause of damages suffered by Plaintiff for which recovery for actual damages will encompass:

a. Reasonable and necessary past medical expenses

b. Reasonable and necessary future medical expenses

c. Loss of past earnings

d. Past physical pain, suffering, and mental anguish

e. Future physical pain, suffering and mental anguish.

To date her damages are as follows:

| | |
|---|---|
| Methodist Hospital | $ 17,894.00 |
| City of SA EMS Services | $ 1,101.00 |
| HEB Pharmacy | $ 6,346.77 |
| SA Orthopedic Group | $ 337,876.37 |
| Baptist Health Link (PT) | $ 2261.00 |
| Baptist Health System | $ 6665.00 |
| Dr. Tarbox ( Neurological) | $ 850.00 |
| VHS Imagaing | $ 9137.00 |
| Dr. Villareal PCP | $ 2410.06 |
| ATT Phone Replacement | $ 1315.23 |
| Pain and Suffering | $ 1,157,563.29 |

Plaintiff reserves the right to amend these damages as additional medical treatment or expenses are incurred after the filing of this petition.

The claim for damages by Plaintiff exceeds the courts minimum jurisdiction limits.

## VIII. Prayer

Plaintiff prays that the Court grant judgment for actual damages against the Defendants in an amount exceeding the Court's minimal jurisdiction limits.

Plaintiff prays that citation and notice issue as required by law and that the Court the relief requested in this petition.

Plaintiff prays for attorney's fees, expenses and costs.

Plaintiff prays for any prejudgment and post-judgment interest at the highest lawful rates.

Plaintiff prays for general relief and for any other relief for which the Plaintiff may be entitled.

<u>Demand for Jury and Trial Setting</u>

Plaintiff demands a jury trial. Plaintiff's jury fee is tendered with this petition and Plaintiff requests that the Court set this issue for trial at earliest possible date available to the Court.

Respectfully Submitted

 */s/ Kenneth E. Grubbs*
Kenneth E. Grubbs
SBN: 00798225
Sasha Grubbs
SBN: 24117174
Law Office of Kenneth Grubbs, P.C.
Forum Building, Ste. 740
8000 IH 10 West
San Antonio, Texas 78230
(210) 490-1292
(210) 499-4587
Lawofficeofkennethgrubbs@gmail.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that the above and foregoing has been served on the attorneys for the Defendants on the 19th day of May 2020, in accordance with the Federal Rules of Civil Procedure.

*/s/ Kenneth E. Grubbs*

Kenneth E. Grubbs